HARRIS v. PARR.

(Court of Civil Appeals of Texas. Dallas. March 21, 1914.)

1. TRIAL (§ 139*)—TAKING CASE FROM JURY— WEIGHT OF EVIDENCE.

It is error to direct a verdict against a party where there is evidence in his favor, even though the weight of the evidence is against him.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. § 139.*]

2. REFORMATION OF INSTRUMENTS (§ 45*)—EVIDENCE—MISTAKE.

In an action to reform a deed on the ground of mistake, whereby more land was conveyed than was intended, evidence *held* to show conclusively that a mutual mistake existed, and to warrant a directed verdict for the plaintiff.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 157–193; Dec. Dig. § 45.*]

3. REFORMATION OF INSTRUMENTS (§ 25*)—DEFENSES—FAILURE TO READ INSTRUMENT.

The mere fact that a grantor did not read the deed, or did not know of the mistake in the description at the time of its execution, would not bar his right to a reformation of it on account of mistake or fraud.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 84–90; Dec. Dig. § 25.*]

Appeal from District Court, Hunt County; Horton B. Porter, Judge.

Action by James K. Parr against Perry Harris to reform a deed. Judgment for the plaintiff, and the defendant appeals. Affirmed.

Walter Collins and Shurtleff & Cummings, all of Hillsboro, for appellant. Wear & Frazier, of Hillsboro, for appellee.

TALBOT, J.   Appellant, Harris, and appellee, Parr, entered into a written contract on the 2d day of August, 1911, for the sale and exchange of certain lands. The property of the appellee consisted of certain lots, with the improvements thereon, situated in the city of Hillsboro, Hill county, Tex., and the

─────────────────────

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

property of appellant was a farm situated in Grayson county, Tex. One of the lots owned by the appellee and agreed to be sold and exchanged is described in said written contract as being 50x100 feet on East Franklin street, west of the Gebhardt Bakery, and on the north side of said street. Subsequent to the execution of this contract appellee executed and delivered to appellant a warranty deed for the property agreed to be conveyed in said contract, in which the said lot 50x100 feet on East Franklin street is described as being 50x200 feet, instead of 50x 100 feet, as described in the contract. On June 22, 1912, appellee brought this suit alleging, in substance, (1) that the change of the length of the line of this piece of property in the deed from 100 to 200 feet was error made by mutual mistake; (2) that, if the error was not by mutual mistake of the parties, then that the appellant, Harris, knew at the time he accepted said deed that the same was not in accord with the terms of the written contract theretofore entered into, and that appellee did not know that fact, and that appellant, in accepting said deed with knowledge of the error, perpetrated a fraud upon the appellee. The prayer of appellee's petition was that he have judgment correcting the said error in said deed, and that the cloud thereby cast upon his title be removed. Appellant denied that there was a mistake in the description of the property, and alleged, in effect, that the property as described in the deed was the property shown him by appellee's agent, and the same property intended to be sold and conveyed to him. The trial of the case resulted in an instructed verdict for appellee, and the appellant perfected an appeal to this court.

[1, 2] The single assignment of error complains of the court's action in charging the jury to find for the plaintiff. The proposition advanced is that "when, upon an issue before the jury, there is evidence in favor of either party, it is error for the court to charge the jury to return a verdict against such party, even though the weight of the evidence is against him." This proposition embodies a correct principle of law, and, if the record disclosed any substantial evidence upon which a finding in favor of appellant upon the question of mutual mistake in the preparation of the deed could have been predicated, the assignment under consideration would have to be sustained. No such evidence, however, is pointed out in appellant's brief, and the assignment must be overruled. The statement made in support of the assignment shows that the pleadings of the parties presented an issue of fact with respect to the claim of mutual mistake in describing the property sold in the deed; but it does not show that said issue was raised by the evidence. The only evidence quoted in the statement, or to which we are referred, to sustain the assignment is as follows: Appellee testified in his own behalf that: "I had

the deed before me, and had an opportunity to read it; but I relied on Mr. Simmons. I am an attorney at law, and have had some experience and practice in conveying land and having land conveyed to me, and have had a great many important transactions in which I conveyed real estate and had real estate conveyed to me." Appellant testified: "I got up on the box out against this back wall and looked out at this lot [the lot in question] and told him [the agent] I think while I was standing on that box. * * * He told me that Parr got no revenue from this lot. The first time I learned that there was any question about my being entitled to the entire property was when I was ready to trade it off, something like a year after I received the deed." On the other hand, appellee points out that the property over which the controversy arose is described in the written contract as being 50x100 feet, and that appellant testified: "The lot is situated, as I understand it, on East Franklin street, having a building on it occupied by the Moore Hustead Company as a buggy store; the building being situated on a lot 50x100 feet. The lot about which the question has arisen is the one which is situated just back of this buggy company. That lot is No. 6, I understand; I am not sure about that. I think there are more than two lots there. The lot upon Franklin street is 51 and a fraction feet; I understand that is what the deed called for. My contract here says that I am getting 50x100 feet. I can read and write. The contract was dictated and read, and I signed it." As will be observed, appellant's statement simply shows that appellee had the deed executed by him to appellant before him; that appellee had an opportunity to read it, and that he was a lawyer experienced in conveying land; that appellant, in examining the property with a view of buying, got upon a box and looked out at the lot in controversy; that he was then told that Mr. Parr, the appellee, got no revenue from this lot; that this was before the contract was signed; and that the first time he learned there was any question about his being entitled to the entire property was when he was ready to trade it off. This seems to be all that appellant has been able to glean from the record in support of his contention that the evidence raised the issue of whether or not there was a mutual mistake in describing the property in the deed, and it is clear it raises no such issue. On the contrary, it is manifest from the statements quoted that appellee had only agreed to convey a lot on the north side of East Franklin street 50x100 feet, and not one 50x200 feet. The contract of purchase and sale, executed before the making of the deed, and with the terms of which appellant must have been acquainted, specifically described this property as being 50x100 feet, and the witness Lang testified, as shown by appellant's brief, that he pointed the property out to appellant, and

remembers distinctly that he told him that the property that was being offered for sale or trade in that particular locality was 50x 100 feet, and the witness Simmons, who prepared the deed, admitted that he made a mistake, in that he failed to describe the property as it was described in the contract. Our conclusion is that the evidence shows conclusively that there was a mutual mistake made in describing the lot in controversy as being 200 feet long, instead of 100 feet long, and that the instructed verdict for its reformation was correct.

[3] The mere fact that appellee may not have read the deed, or did not know of the mistake, at the time of its execution would not bar his right to a reformation of it on account of mistake or fraud. Harry v. Hamilton, 154 S. W. 637.

The second and third propositions presented, to the effect that the certificate of acknowledgment of a deed is conclusive of the facts therein stated, unless fraud or imposition, in which the grantee participated, is proven, and that a deed absolute will be construed according to the plain import of its language, do not arise in this case, and need not be considered.

The judgment is affirmed.